UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL JOHN, | : CIVIL NO: 1:09-CV-00134 |
| Plaintiff | : |
| | : (Judge Caldwell) |
| v. | : |
| | : (Magistrate Judge Smyser) |
| YORK COUNTY PRISON, | : |
| WARDEN THOMAS HOGAN, | : |
| PHYSICIAN DR. YOUNG and | : |
| NURSE JANE DOE, | : |
| | : |
| Defendants | : |

**REPORT AND RECOMMENDATION**

The plaintiff, proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint on January 22, 2009. The plaintiff also filed applications to proceed *in forma pauperis*. At the time the plaintiff filed his complaint he was incarcerated at the York County Prison as a detainee of the United States Immigration and Customs Enforcement. The plaintiff subsequently informed the court that he was released from custody on January 29, 2009.

    28 U.S.C. § 1915(e)(2) provides:

    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -

```
(A) the allegation of poverty is untrue; or
(B) the action or appeal -
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which
    relief may be granted; or
    (iii) seeks monetary relief against a
    defendant who is immune from such relief.
```

By an Order dated February 23, 2009, we reviewed the complaint and determined that the complaint fails to state a claim upon which relief may be granted. We stated and reasoned as follows:

> The defendants named in the complaint are: 1) the York County Prison; 2) Warden Thomas H. Hogan; 3) Dr. Young; and 4) Nurse Jane Doe.
>
> The plaintiff alleges in the complaint that in February of 2006, he submitted request slips to the medical department of the York County Prison requesting medical attention and treatment. He alleges that he informed the medical department of the constant bleeding and itching of his whole body. He alleges that he stated that his whole body from his waist down was itching and bleeding and consisted of black and blue marks. He alleges that he did not receive a response to his medical request and that he continued to suffer for more than a month.
>
> The plaintiff alleges that he developed the itchy and bleeding skin condition due to prison conditions. He alleges that defendant Hogan allowed unsanitary conditions at the prison which caused his skin disease. The plaintiff alleges that defendant Young failed to treat his condition properly. The

2

plaintiff alleges that defendant Doe failed to contact defendant Young for further care.

The plaintiff claims that the defendants violated his Fourteenth Amendment due process rights.

This is a 42 U.S.C. § 1983 action. "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.* "To state a claim under § 1983, a plaintiff 'must allege both a deprivation of a federally protected right and that this deprivation was committed by one acting under color of state law.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005)(quoting *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997)).

As it appears that the plaintiff was not a convicted prisoner at the time he was in custody at the York County Prison, the Due Process Clause rather than the Eighth Amendment is applicable in this case. *Boring v. Kozakiewicz,* 833 F.2d 468, 471 (3d Cir. 1987)("Pretrial detainees are not within the ambit of the Eighth Amendment but are entitled to the protections of the Due Process clause."). "The Due Process clause requires the government to provide appropriate medical care." *Id.*

The due process rights of a pretrial detainee is "at least as great" as the Eighth Amendment protections to which a convicted prisoner is entitled. *City of Revere v.*

3

*Massachusetts General Hospital*, 463 U.S. 239, 244 (1983). Without determining how much more protection, if any, a pretrial detainee is entitled to above the protection provided to a convicted prisoner, the United States Court of Appeals for the Third Circuit has applied the standards enunciated in Eighth Amendment cases to medical claims by pretrial detainees. *See Boring, supra,* 833 F.2d at 473; *Natale, supra,* 318 F.3d at 581. *But see Hubbard v. Taylor,* 399 F.3d 150, 164 (3d Cir. 2005)(reversing and remanding grant of summary judgment to prison officials on pretrial detainee's conditions-of-confinement claim because the district court improperly analyzed the claim under the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment).

Borrowing from the Eighth Amendment standard, in order for the plaintiff to state a viable medical care claim he must allege that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976). *See also Groman v. Township of Manalapan,* 47 F.3d 628, 637 (3d Cir. 1995)("Failure to provide medical care to a person in custody can rise to the level of a constitutional violation under § 1983 only if that failure rises to the level of deliberate indifference to that person's serious medical needs.").

Construing the complaint liberally, accepting the allegations in the complaint as true and drawing all inferences in the light most favorable to the plaintiff, we nevertheless conclude that the complaint fails to state a claim upon which relief may be granted.

Defendant York County Prison is part of the municipal government of York County. A municipality cannot be held liable for the unconstitutional acts of its employees on a

4

theory of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). To state a claim against a municipality the plaintiff must allege that the violation of his rights was caused either by a policy or custom of the municipality. *Id.* at 694; *Berg v. County of Allegheny*, 219 F.3d 261, 275 (3d Cir. 2000). Since the plaintiff has failed to allege that the alleged violation of his constitutional rights occurred as the result of a policy, custom, or practice of York County or the York County Prison, the complaint fails to state a claim upon which relief may be granted against the York County Prison.

The plaintiff alleges that defendant Young failed to treat his condition properly and that defendant Doe failed to contact defendant Young for further care. The plaintiff, however, has not alleged that either defendant Young or defendant Doe were deliberately indifferent to his serious medical need. Nor has the plaintiff alleged facts from which it could reasonably be inferred that either defendant Young or defendant Doe were deliberately indifferent to his serious medical needs. Accordingly, the complaint fails to state a claim upon which relief may be granted against defendants Young and Doe.

The plaintiff alleges that defendant Hogan allowed unsanitary conditions at the prison which caused the plaintiff's skin disease. Again, however, the plaintiff has not alleged that defendant Hogan was deliberately indifferent. Nor has the plaintiff alleged facts from which it could reasonably be inferred that defendant Hogan was deliberately indifferent. Accordingly, the complaint fails to state a claim upon which relief may be granted against defendant Hogan.

5

*Doc. 12* at 3-7.

The court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). By the Order of February 23, 2009, we granted the plaintiff leave to file an amended complaint to properly plead, if appropriate, a claim upon which relief may be granted against the defendants.

The plaintiff filed an amended complaint on May 20, 2009.

The defendants named in the amended complaint are: 1) Warden Thomas H. Hogan; 2) Dr. Young; and 3) Nurse Jane Doe.

The plaintiff alleges in the amended complaint that he is still suffering from a skin disease and that he has bleeding and itching of the lower part of his body. He alleges that the disease has been causing him physical suffering. He alleges that he informed the medical department through request slips of his constant bleeding and itching and that his body from the waist down was itching and consisted of black, blue and pink

6

marks. He alleges that he did not receive any response to his medical requests and that he continued to suffer for more than a month. He alleges that his skin condition was caused by prison conditions. The plaintiff alleges that defendant Doe failed to contact defendant Young for further care.

As with the original complaint, construing the amended complaint liberally, accepting the allegations in the amended complaint as true and drawing all inferences in the light most favorable to the plaintiff, we nevertheless conclude that the amended complaint fails to state a claim upon which relief may be granted. The plaintiff has not alleged that defendants Hogan, Young or Doe were deliberately indifferent to his serious medical need. Nor has the plaintiff alleged facts from which it could reasonably be inferred that defendants Hogan, Young or defendant Doe were deliberately indifferent to his serious medical needs. Accordingly, the amended complaint fails to state a claim upon which relief may be granted against defendants Hogan, Young and Doe.

Based on the foregoing, it is recommended that the amended complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: June 5, 2009.